*Lane, J.,
delivered the opinion of the court:
The case shows that while Jeremiah Williams held the equitable right to the land, and was pursuing his legal title, he released his interest to the defendant. As he could only transmit the right he possessed, he conveyed an equity only. If the deed had contained a warranty, the subsequent acquisition of the legal title would have inured to the benefit of the defendant; but having no warranty, it works no estoppel, and no estate passes which can be recognized at law.
But the plaintiff must recover by the strength of his own title, not by the weakness of the defendant’s. His title arises from Salsbury, who held the legal estate under a well-executed deed. But the defendant insists that the ■ alienation from Salsbury to his vendees occurred during the pendency of the suit between Jeremiah Williams and him in relation to the land, and that therefore it passed no title.
No rule is better established, than that, during litigation, no change shall be made in the title affecting the rights of the parties. Hence arises the principle at law, that the judgment in a real action shall overreach an alienation after writ. The doctrine was adopted in chancery, by Lord Bacon, in analogy with this, and 'has since been constantly adhered to, that a' decree binds all persons coming into the title, during the pendency of the suit, without leave of the court. The rights of Salsbury and his vendees are affected by the operation of this rule; and in respect to Jeremiah Williams, and all who claim through the decree, it invalidates the sale made by Salsbury, during the pendency of the bill, in which Williams was pursuing his legal interests. A doubt is started in the argument, whether a purchase made during a suit in equity will be holden void, except in a court of equity; but we entertain the opinion that in our state, where decrees in chancery by statute of themselves convey the land, the rule will work its effect, not only in chancery, but at law.
The plaintiff relies-upon the positions, that at the time of Salsbury’s alienation the suit was not, in a proper technical sense, *423 “ pending.” Where the process is by subpena, little *difficulty arises in ascertaining when the pendency of the suit begins; it is commenced by the service of the writ upon the party. 3 Ohio, 541. It is necessary to adopt some analogous rule, in those cases where the law provides a different manner of notice. Whenever the act is done by which the defendant is subjected to the jurisdiction of the court, it is a service of process, and the suit is commenced. When Williams complied with the order of the court, and made the prescribed publication for nine weeks, the suit is begun — the application of the rule commences, and no subsequent alienation can alter the rights of that plaintiff.
But the plaintiff insists that if he be a pendente lite purchaser, yet the present defendant shall enjoy no protection from the rule, because the conveyance, under which his title arises, is not absolutely void; that it is only invalid as to the plaintiff in the suit, or to one claiming under the decree. And this position, in a sense, we believe is correct. A conveyance pendente lite is undoubtedly good between the parties. The bare institution of a suit does not create an injunction upon alienation. The true interpretation of the rule is, that a conveyance during the suit shall not vary the rights of the litigants; they are exempted from the necessity of noticing titles acquired under these circumstances; to them such titles are as if they did not exist; for suits, would be interminable and judgments without fruits, if one could impose upon the other the necessity of making new parties as often as he chose to convey. But to alter the conveyance is valid, subject only to such rights as are acquired by the decree. 2 Ves. & Bea. 200. A perfect legal title, therefore, passed by Salsbury’s deed, which Jeremiah Williams alone was competent to question.
And whoever seeks the legal title to this land will find it in Jeremiah Williams. His equity was perfect at the filing of his bill; and the decree, by the operation of the statute, transferred to him the legal estate from Salsbury, and all claiming through him, by a conveyance pendente lite. We do not give any weight to the objection that the decree is not recorded in the registry of deeds. No statute, in terms, requires it — no settled practice furnishes evidence that the profession have deemed it necessary. Little inconvenience *can arise from its omission, since the decree is found at the place where judgment liens must be sought for, before the title can be pronounced free from incumbrances — ■ *424 and the sense of the legislature upon this point may be gathered from the statute now in force (29 Stat. 83, 3, 13), which, in requiring the registration of decrees, operating upon land beyond the county where they are rendered, impliedly dispenses with such record, in cases where land lies within it. The facts agreed, therefore, show an outstanding legal paramount title in Jeremiah Williams, and consequently it is not the plaintiff who is permitted to disturb the defendant’s possession;
Judgment for the defendant.